THE PEOPLE, ex rel. CHARLES ROZENKRANZ, Respondent, *v.* JOSEPH B. CARR, Secretary of State, etc., Appellant.

The provision of the State Constitution (Art. 6, § 15) providing that a county judge shall be surrogate of his county, but authorizing the legislature to provide for the election of a separate officer in counties having a population of over forty thousand, does not apply to the city and county of New York.

The office of surrogate, in that city and county, is a local office, established under pre-existing laws, recognized and continued by the Constitution (Art. 14, § 12), and the term of that office is left wholly under the control of the legislature.

The act of 1869 (Chap. 292, Laws of 1869), fixing the term of said office at six years, is not inconsistent with, and did not repeal, the provision of the act of 1847 (Chap. 488, Laws of 1847), providing for the filling of vacancies in that office.

Accordingly *held,* where C. was elected to fill a vacancy in that office, that he was elected simply for the unexpired term of the preceding incumbent; and that, upon the omission of the secretary of State to include the office of surrogate in the notice of election issued by him for said county for the annual election next preceding the expiration of said term, a *mandamus* would lie to compel the amendment of the notice so as to supply the omission.

*It seems,* that the only effect of the act of 1869 was to change the term of office from three to six years, leaving in force all the other provisions of the act of 1847.

(Argued October 25, 1881 ; decided October 28, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made October 18, 1881, which reversed an order of Special Term, denying an application by the relator, as a resident and elector of the city and county of New York, for a writ of peremptory *mandamus*, directed to defendant, requiring him to issue a new election notice to the sheriff of the county of New York, including therein, as one of the officers to be elected at the general election in November, 1881, that of surrogate, in place of Delano C. Calvin, the then incumbent. The General Term order also granted the application. (Reported below, 25 Hun, 325.)

In November, 1875, Stephen D. Van Schaick was elected

surrogate for said city and county for the term of six years
from January 1, 1876. He entered upon the duties of the office
and died in April of that year. The board of aldermen ap-
pointed said Calvin to fill the vacancy, and he was elected to
the office at the general election in November. The secretary
of State omitted to include the office of surrogate in the notice
issued·by him, he claiming that the election of Mr. Calvin was
for a full term of six years.

*William B. Ruggles* for appellant. As the Constitution of
1846 did not fix the term of such surrogate, and authorized
the legislature to provide for such election, the effect of chapter
292 of the Laws of 1869 was to repeal the act of 1847 as to
the term of the surrogate, and so much of it as provided for
the filling an unexpired term, leaving so much of the act as
provided for the election of a separate officer in the same man-
ner that the other county officers of the city and county of New
York were elected, to be surrogate for said city and county,
and authorizing the board of supervisors to fill a vacancy occur-
ring by death, resignation, or otherwise, until the general elec-
tion next ensuing. (Dwarris on Statutes, 578, 579; *People*
v. *Cowles*, 3 Kern. 360; *People, ex rel. Jackson,* v. *Potter,*
47 N. Y. 375, 381; *People* v. *Green,* 2 Wend. 277; *People* v.
*Contant,* 11 id. 132; id. 511.) When a statute is repugnant
to a former act, to that extent the former act is repealed.
(*Harrington* v. *Trustees of Rochester,* 10 Wend. 547; *People,
ex rel. Fowler,* v. *Bull,* 46 N. Y. 57.)

*James M. Lyddy* for respondent. Unless a subsequent
statute is inconsistent with or repugnant to a former existing
statute, both must be construed as standing together (9 Barb.
302; 5 Hill, 22; 9 Cow. 437, 506; 2 Barb. 320; 4 E. D.
Smith, 258; 22 Hun, 574; Potter's Dwarris on Statutes, 156,
157.) If the act of 1869 repealed by implication that portion
of the third section of the act of 1847, which provides for the
filling of the vacancy at the ensuing general election, then
there was no authority for the election of Mr. Calvin in No-

vember, 1876, because the candidate who had been elected the previous year was elected for the full term of six years, and no election could be held until such full term had expired. (*People* v. *Cowles*, 13 N. Y. 350; *People* v. *O'Brien*, 38 id. 193; *People* v. *Bull*, 46 id. 57.) A statute should not be construed so as to work a public mischief, unless required by words of the most explicit and unequivocal import. (*Smith* v. *People*, 47 N. Y. 330; *The People*, *ex rel. Kingsland*, v. *Pulmer*, 52 id. 83.)

RAPALLO, J. The office of surrogate of the city and county of New York existed long before the adoption of the Constitution of 1846, and is recognized in the twelfth section of article 14 of that instrument, which provides, that "all local courts established in any city or village, including the Superior Court, Common Pleas, Sessions, and Surrogates' Courts of the city and county of New York, shall remain until otherwise directed by the legislature, with their present powers and jurisdiction." There is no limitation of the power of the legislature to fix or alter the term of office of the surrogate of the city and county of New York, as it may see fit. By the section last cited it was provided that the judges of the courts therein named, in office on the 1st of January, 1847, should continue in office until the expiration of their terms of office, or until the legislature should otherwise direct. By the amendments contained in article 6 (adopted in 1869), section 13, the terms of office of the judges of the Superior Court and Court of Common Pleas, to be thereafter elected, were fixed at fourteen years, but no provision was made in respect to the term of office of the surrogate. The provisions of section 15 of the same article with reference to county judges and surrogates in counties having a population of over forty thousand, do not, in our judgment, refer or apply to the city or county of New York. That section continues the then existing County Courts and declares their jurisdiction and the terms of office and powers of the judges thereof, and provides that " the county judge shall also be surrogate of his county, but in counties

having a population exceeding forty thousand, the legislature may provide for the election of a separate officer whose term of office shall be the same as that of the county judge." We think that this provision applies only to the counties (other than the city and county of New York) wherein there are courts known as the County Court, and judges known as the county judge, and that the office of surrogate of the city and county of New York is not held under section 15 of article 6, but is a local office established especially for that city, under pre-existing laws, and recognized and continued by section 12 of article 14 of the Constitution, and that the term of that office is left wholly under the control of the legislature. A reading of the entire section (15 of article 6) in connection with section 16 of the same article, confirms this interpretation.

This view disposes of the argument that the term for which the surrogate of the city and county of New York must be elected is fixed by the Constitution at six years (which is the constitutional term of office of a county judge), and that the legislature has no power to fix a shorter term, even when the election is to fill a vacancy occasioned by the death of an incumbent before the expiration of his term.

The only question remaining to be considered is, whether the act of 1869 (Laws of 1869, chapter 292), which provides that "the term of office of the persons who shall hereafter be elected to the office of recorder, city judge, and surrogate, respectively, in the city and county of New York, shall be six years," repeals the third section of the act of 1847 (Laws of 1847, chapter 488), which provides that "In case a vacancy shall occur in either of said offices" (recorder or surrogate of the city and county of New York), "by death, resignation or otherwise, the board of supervisors of said city and county are authorized to fill such vacancy until the general election next ensuing the happening of such vacancy, when an election shall be had to fill the unexpired term of the officer whose term had so become vacant."

It is not claimed that there is any express repeal of this sec-

tion, but it is contended that the provision that in case of a vacancy during a term an election shall be had to fill the unexpired term, is inconsistent with the provision of the act of 1869, that the term of office of whoever shall be thereafter elected surrogate shall be six years. And that by reason of this inconsistency the prior provision must be deemed repealed.

After a careful consideration of both acts we are of opinion that no such inconsistency appears. The first section of the act of 1847 provides for the election at the general election in November of a recorder and surrogate for the city and county of New York, "who shall hold their respective offices for the term of three years from the first day of January next after said election;" and afterward follows the third section, which provides that in case of a vacancy occurring during such term it shall be filled by election for the unexpired part of the term. There is no repugnancy or inconsistency in these two provisions, which are contained in the same act. The act of 1869 declares, that as to persons thereafter elected, the term of office shall be six years, and leaves the other provisions of the act of 1847 untouched. There is no more inconsistency between the provision which fixes the term of office, and that which provides for filling a vacancy for an unexpired term, when contained in two acts, than when contained, as they originally were, in a single act. In substance, the only effect of the act of 1869 was, in our judgment, to change the term of office from three years to six years, leaving in force all the other provisions of the act of 1847, which declare when the term shall begin, how, in case of a vacancy, it shall be filled until the next election, and that when the election is had, it shall be for the unexpired term of the preceding incumbent. In the absence of any reference in the act of 1869 to those provisions, or of the substitution of any others on the same subjects, we are not authorized to infer that it was intended to repeal them. The language of the act of 1869, making it applicable to persons thereafter elected, was manifestly adopted for the purpose of excluding the idea that it was intended to extend the terms of those in office at the time of the passage of the act, a con-

struction for which there might have been some color if the act had simply declared that thereafter the term of office of recorder and surrogate should be six years; or, if it had amended the act of 1847 by substituting the word "six" in place of "three." The repeal of an existing law cannot be implied from language so clearly satisfied by attributing to it a different purpose.

Our conclusion is that the order of the General Term should be affirmed.

All concur.

Order affirmed.